# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Rev Kasey David Carroll,

    Plaintiff,

v.

Officer D. Alatore, et al.,

    Defendants.

Case No. 2:25-cv-00153-RFB-BNW

**SCREENING ORDER**

Plaintiff has filed two motions by Plaintiff: (1) a motion for funds under 18 U.S.C. § 3006A and (2) a motion to compel exculpatory evidence.

At the outset, the Court notes that Plaintiff's complaint has been dismissed with leave to amend. Until the Court screens the amended complaint (should one be filed) and ensures that Plaintiff has asserted facts giving rise to a claim for relief, the Court will not decide any other motions.

Moreover, as to his request under 18 U.S.C. § 3006A, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)). First, "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of funds for a private investigator." *Id*. (citing *Covarrubias v. Gower*, 2014 WL 342548, \*1 (N.D. Cal. Jan. 28, 2014)). Second, the Criminal Justice Act, 18 U.S.C. § 3006A, does not apply because this is a civil, and not a criminal, case. Thus, no Congressional authorization exists for the appointment of a private investigator.

Lastly, any request regarding discovery must be made by propounding request on the opposing party or by serving subpoenas. *See* Federal Rules of Civil Procedure Rules 30–37 and Rule 45. Here, the Court has yet to screen an amended complaint, issue summons for service of process, and await an appearance by Defendants. Thus, given this case has not yet commenced, discovery is premature.

**I.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 5 and 6) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may only file an amended complaint for purposes of screening. Any other motions may be automatically stricken.

DATED: February 11, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE